IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| BOARD OF TRUSTEES OF THE PAMCAH-UA LOCAL 675 PENSION FUND,<br><br>Plaintiff,<br><br>vs.<br><br>SMAC HAWAII, INC., *et al.*,<br><br>Defendant. | Civil No. 23-00076 MWJS-KJM<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' JURY DEMAND |

**INTRODUCTION**

In a prior order, this court denied Defendants' motion for summary judgment and granted in part and denied in part Plaintiff's motion for summary judgment. Dkt. No. 116. The upshot of that order was that Plaintiff was granted summary judgment on all of its claims except for two: (1) its claim seeking to pierce SMAC's and R&M's corporate veils, and (2) its claim seeking to recover from a rental and investment property partnership without regard to an August 2021 transfer of interest in an investment property. These two claims are the only issues remaining for trial.

Defendants previously filed a jury demand "on all issues so triable in accordance with the FEDERAL AND HAWAII CONSTITUTIONS." Dkt. No. 77-1, at PageID.611. Plaintiff now moves to strike that demand on the basis that Defendants have no right to

a jury trial.  Dkt. No. 117.  For the reasons explained below, the court GRANTS the motion.

## BACKGROUND

The factual and legal background for this case is detailed in the court's summary judgment order, *Board of Trustees of the PAMCAH-UA Local 675 Pension Fund v. SMAC Hawaii, Inc.*, No. 23-cv-76, 2025 WL 2021750 (D. Haw. July 18, 2025).  The court assumes the parties' familiarity with the facts and recounts them here only as necessary to give context to the court's ruling.

For nearly fifty years, Defendant SMAC Hawaii, Inc. ("SMAC") operated as a sheet metal and air conditioning company.  *Bd. of Tr. of PAMCAH-UA Local 675 Pension Fund*, 2025 WL 2021750, at *3.  In 1985, SMAC became a union employer and entered into an agreement that required it to contribute to the pension fund of the Local 675 of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry, AFL-CIO (the "Union").  *Id.*  Following a period of financial hardship in the 2010s, SMAC terminated its agreement with the Union and formally withdrew from the Union's pension fund in 2020.  *Id.* at *4.

When an employer withdraws from a pension plan, it triggers certain obligations under the Employee Retirement Income Security Act of 1974 (ERISA), as amended by the Multiemployer Pension Plan Amendments Act of 1980 (MPPAA).  Congress enacted the MPPAA "to reduce the incentive for employers to terminate their affiliation with

2

multiemployer pension plans . . . [and] to make it onerous and costly for them to withdraw." *H.C. Elliott, Inc. v. Carpenters Pension Tr. Fund for N. Cal.*, 859 F.2d 808, 810 (9th Cir. 1988). One way in which the MPPAA achieved this was through the creation of "withdrawal liability." *See* 29 U.S.C. §§ 1381-1405. Withdrawal liability provides that typically, "a withdrawing employer must pay its share of unfunded vested benefits" under the MPPAA. *H.C. Elliott, Inc.*, 859 F.2d at 811.

This case concerns an effort by Plaintiff, the Board of Trustees of the PAMCAH-UA Local 675 Pension Fund (the "Board"), to collect withdrawal liability. After SMAC withdrew from the Union's pension fund, the Board brought this suit, seeking to recover the withdrawal liability of $610,255 from SMAC and other Defendants connected to SMAC. Dkt. No. 76. At the time of SMAC's withdrawal from the Union's pension fund, SMAC was owned by Melvin Mung Lim, Jr., with Melvin's wife Margaret Mung Lim serving as SMAC's office manager. *Bd. of Tr. Of PAMCAH-UA Local 675 Pension Fund*, 2025 WL 2021750, at *3. Melvin[1] also owned a side business called M&M Sheet Metal Company ("M&M"), which like SMAC performed air conditioning work. *Id.* at *4. Separately, Margaret and Meghan Lung Lim (daughter of Melvin and Margaret) co-founded another sheet metal and air conditioning business in 2017 called R&M Air Conditioning, LLC ("R&M"). *Id.* at *3-4. Finally, Melvin and

---

[1] Because several of the Defendants share the same family name, the court refers to them by their first names.

3

Margaret co-owned a rental and investment property partnership, which transferred 98 percent of Melvin and Margaret's interest in an investment property on Alaa Street to Meghan in August 2021.  *Id.* at *9, *9 n.8.  The Board's lawsuit alleged that all of these businesses were interrelated and sought to hold each individual defendant and defendant enterprise jointly and severally liable for SMAC's withdrawal liability on a theory of successor liability or of common control.  Dkt. No. 76, at PageID.566-582.

      The parties brought cross-motions for summary judgment, Dkt. Nos. 84, 99, and the court granted partial summary judgment to the Board on the central issue of whether Defendants were liable for SMAC's withdrawal liability.  The court found that SMAC, M&M, R&M, and the rental and investment property partnership owned by Melvin and Margaret were each liable for SMAC's withdrawal liability.  *Bd. of Tr. Of PAMCAH-UA Local 675 Pension Fund*, 2025 WL 2021750, at *10.  But the court denied summary judgment to the extent that the Board sought to pierce the corporate veils of SMAC and of R&M, and therefore to hold individually liable Melvin and Margaret, and Margaret and Meghan, respectively.  *Id.* at *14-17.  And the court further denied summary judgment on the issue of whether the Board could "recover from the rental and investment property partnership without regard to the August 2021 transfer of 98 percent of Margaret and Melvin's interest in an investment property on Alaa Street" to Meghan.  *Id.* at *19.  On these two issues, the court concluded that there were disputed issues of material fact that would need to be resolved at trial.

The Board contends that that trial should be a bench trial.  It seeks to strike Defendants' jury demand on the basis that there is no federal right to a jury trial on the issues remaining in the case.

## DISCUSSION

The Seventh Amendment to the United States Constitution provides:  "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."  U.S. CONST. amend. VII.  Where these requirements are met, a party may invoke its right to a jury trial by timely serving a written demand on the other parties.  *See* FED. R. CIV. P. 38.  If that demand is improper, either due to some procedural defect, or because no federal right to a jury trial exists, an objecting party may file a motion to strike the jury demand any time before trial.  *See* O'CONNOR'S FEDERAL RULES, CIVIL TRIALS, Ch. 5-C § 5 (2025 ed.).  The Board's motion to strike asserts that Defendants have no constitutional right to a jury trial on the remaining issues in this case.  *See* Dkt. No. 117.

Whether a party has a constitutional right to a jury trial turns on whether the Seventh Amendment applies to the claims brought.  Because the text of the amendment mentions only suits at common law, courts have held that "there is a right to a jury trial in cases to enforce common law rights, as well as in cases to enforce statutory rights that are analogous to common law rights.  In contrast, the Seventh Amendment does not apply in the type of cases that have been traditionally tried before courts in equity."

*Nautilus Ins. Co. v. Blagrave*, No. 05-cv-662, 2007 WL 9711032, at *4 (D. Haw Jan. 10, 2007). And to determine whether an action "is more analogous to cases at law or to cases in equity, courts consider the nature of the action and the relief sought." *Id.*

Each of the remaining claims in this case is based on the underlying action to impose ERISA withdrawal liability. The Board seeks to pierce the corporate veils of SMAC and R&M for the explicit purpose of imposing withdrawal liability on the individual Defendants. *See* Dkt. No. 76, at PageID.577-80; *see also Peacock v. Thomas*, 516 U.S. 349, 354 (1996) ("Piercing the corporate veil is not itself an independent ERISA cause of action, but rather is a means of imposing liability on an underlying cause of action." (cleaned up)). So, too, for the Board's claim seeking to set aside the transfer of the Alaa Street property by the rental and investment property partnership: that claim is provided by statute under ERISA § 4212(c) and is designed to impose withdrawal liability where a conveyance has been made in an attempt to circumvent or thwart that liability. *See id.* at PageID.581-82; *see also* 29 U.S.C. § 1392(c) ("If a principal purpose of any transaction is to evade or avoid liability under [Part I—Employer Withdrawals], this part shall be applied (and liability shall be determined and collected) without regard to such transaction."). The question, therefore, is whether actions to recover ERISA withdrawal liability are sufficiently analogous to common law rights to afford Defendants the right to a jury trial.

The Ninth Circuit has already provided an answer. In *Board of Trustees of the Western Conference of Teamsters Pension Trust Fund v. Thompson Building Materials, Inc.*, 749 F.2d 1396 (9th Cir. 1984), the court considered a challenge to ERISA's withdrawal liability provisions, then newly enacted under the MPPAA. Defendant Thompson Building Materials ("Thompson") had withdrawn from the plaintiff's pension fund and failed to properly initiate arbitration as required by ERISA. The plaintiff fund subsequently brought a successful action under 29 U.S.C § 1401(b)(1) to recover Thompson's withdrawal liability. Thompson challenged the validity of the MPPAA's withdrawal liability provisions on multiple grounds, including that the mandatory arbitration provisions of the statute denied Thompson its right to trial by jury. In rejecting this argument, the Ninth Circuit held: "The [S]eventh [A]mendment . . . grants a right to trial by jury only in actions known to the common law. The Fund's cause of action under the MPPAA never existed under common law." *Bd. of Trustees of the W. Conf. of Teamsters*, 749 F.2d at 1404. In other words, the MPPAA did not merely reduce an existing common law right to statute—it created a new substantive right, unknown to the common law, out of whole cloth. In such cases, the Seventh Amendment does not apply. *See Secs. & Exch. Comm'n v. Jarkesy*, 603 U.S. 109, 137 (2024).

The Ninth Circuit's decision in *Board of Trustees of the Western Conference of Teamsters* deals with the same underlying cause of action at issue in this case—withdrawal liability—and its holding is on point. It also does not stand alone. At least

7

six other circuits have "agree[d] that there is no right to a jury trial in an MPPAA withdrawal liability action—no provision in the MPPAA or the Seventh Amendment provides for one." *Bd. of Cal. Winery Workers Pension Trust Fund v. Giumarra Vineyards Corp.*, No. 17-CV-0364, 2017 WL 6209381, at *3 (E.D. Cal. Dec. 8, 2017) (cleaned up); *see also id.* (collecting cases "conclud[ing] that jury trials are not part of the MPPAA").

The specific claims at issue in *Board of Trustees of the Western Conference of Teamsters* were subject to mandatory arbitration, to be sure, whereas the parties in this case were not required to arbitrate the specific claims seeking to pierce the veils of SMAC and R&M and to impose liability without regard to the transfer of the Alaa Street property. But that difference does not require a different outcome. As explained earlier, these claims are not standalone actions; each is simply a method of imposing withdrawal liability upon parties alleged to owe it. And the holding of *Board of Trustees of the Western Conference of Teamsters* is that no jury trial right exists for actions to recover withdrawal liability. That holding applies regardless of what form the action takes.

Defendants resist these conclusions and offer several arguments in support of their position that a jury trial right exists. None is convincing. Defendants first suggest that "the issue of piercing the corporate veil requires a fact-intensive inquiry" and therefore must be submitted to the jury. Dkt. No. 124, at PageID.4152. It is surely the case that many actions to impose withdrawal liability involve fact-intensive inquiries, but the right to a jury does not hinge on how complicated the factual dispute turns out

8

to be.  Given the court's earlier ruling that there are genuine disputes of material fact on the remaining claims, there will need to be a trial.  The Ninth Circuit's holding in *Board of Trustees of the Western Conference of Teamsters*—which turned on the nature of the claim, rather than on how fact-bound it happened to be in that particular case—simply means that there need not be a trial by jury.

Defendants also argue that a jury trial is required because "the remedies in this case include monetary damages for withdrawal liability, which are legal in nature." Dkt. No. 124, at PageID.4153.  But "[a]n award of money damages is not necessarily 'legal' relief." *In re Payless Shoesource, Inc.*, No. 09-MD-2022, 2009 WL 3233820, at *2 (E.D. Cal. Sept. 11, 2009) (citing *Curtis v. Loether*, 415 U.S. 189, 196 (1974)).  And in any event, as Defendants acknowledge in their brief, the damages at issue are "for withdrawal liability," Dkt. No. 124, at PageID.4153, which the Ninth Circuit has already decided is beyond the scope of the Seventh Amendment's jury trial right.

Finally, Defendants cite to cases holding that a jury trial may be required even when the underlying claims seek to enforce a statutory right.  *Id.* at PageID.4153-54.  It is true that the Seventh Amendment applies to "cases to enforce statutory rights that are analogous to common law rights." *Nautilus Ins. Co.*, 2007 WL 9711032, at *4.  But the cases that Defendants cite involve statutory regimes not at issue here.  *See* Dkt. No. 124, at PageID.4153 (citing *Danjaq LLC v. Sony Corp.*, 263 F.3d 942 (9th Cir. 2001) (copyright case)); *id.* at PageID.4154 (citing *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340

9

(1980) (copyright case)).  The bottom line is that as far as ERISA's statutory regime is concerned, the Ninth Circuit has held that cases to enforce the right to collect withdrawal liability are not sufficiently analogous to actions at common law to entitle Defendants to a trial by jury.

## CONCLUSION

For the foregoing reasons, the court GRANTS Plaintiff's Motion to Strike Defendants' Jury Demand.

IT IS SO ORDERED.

DATED:  September 30, 2025, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 23-00076 MWJS-KJM; *Board of Trustees of the PAMCAH-UA Local 675 Pension Fund v. SMAC Hawaii, Inc.,* et al.; ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' JURY DEMAND