IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| BOARD OF TRUSTEES OF THE PAMCAH-UA LOCAL 675 PENSION FUND,<br><br>Plaintiff,<br><br>vs.<br><br>SMAC HAWAII, INC., *et al.*,<br><br>Defendants. | Civil No. 23-00076 MWJS-KJM<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS, UPDATED INTEREST AND LIQUIDATED DAMAGES |

## INTRODUCTION

In advance of the trial in this case, Plaintiff Board of Trustees of the PAMCAH-UA Local 675 Pension Fund (the "Board") moved for attorney's fees and costs based on work performed through the discovery and summary judgment phases of this trial, as well as updated interest and liquidated damages. Dkt. No. 118. The Honorable Kenneth J. Mansfield, Chief U.S. Magistrate Judge, issued a Findings and Recommendation to Grant in Part and Deny in Part the Board's motion (the "Findings and Recommendation"). Defendants timely appealed the Findings and Recommendation and raised objections to it, Dkt. No. 173, and Plaintiff opposes that appeal, Dkt No. 178. The court reviews the Magistrate Judge's Findings and Recommendation *de novo*, finds the matter suitable for resolution without a hearing as

authorized by Local Rule 7.1(d), ADOPTS the Findings and Recommendation, and DENIES Defendants' objections.

## DISCUSSION

### A. The Findings and Recommendation on an Award of Updated Interest and Liquidated Damages is Adopted

To begin with, Defendants raise no objection in this appeal to the Magistrate Judge's Findings and Recommendation concerning an award of updated interest and liquidated damages. The Magistrate Judge's Findings and Recommendation on these matters is, moreover, correct. And even before the Magistrate Judge, Defendants "fail[ed] to dispute the Board's calculation in a meaningful way." Dkt. No. 151, at PageID.4355.

The court therefore ADOPTS the Findings and Recommendation and awards the Board (1) additional interest accrued through August 14, 2025, in the amount of $26,890.81; (2) additional liquidated damages accrued through August 14, 2025, in the amount of $26,890.81; and (3) additional accrued interest and liquidated damages until February 25, 2026, which was the date on which judgment was entered, at the daily rate of $310.92 for each (total $621.84). *See id.* at PageID.4353-56.

### B. The Findings and Recommendation on an Award of Attorney's Fees and Costs is Adopted

In a thorough 36-page written order, the Magistrate Judge granted some but not all of the Board's requested attorney's fees and costs. In places where the Board had

2

requested fees for non-compensable work or had not provided sufficient documentation to support a request, the Magistrate Judge, after carefully reviewing the submissions, found as much and recommended that those unsubstantiated requests be denied.  *See, e.g.*, Dkt. No. 151, at PageID.4339-40, 4352-53.  Ultimately, the Magistrate Judge recommended attorney's fees in the amount of $366,820 (for hourly work) and $20,000 (for flat-fee work), $13,683.16 for taxable costs, and $4,277.79 for non-taxable costs.  *Id.* at PageID.4356.

Defendants now object to certain of these findings in their appeal.  None of their objections has merit.

1.  Defendants' first objection in this appeal is that the Magistrate Judge should have limited the award of attorney's fees to 25 percent of damages.

It is true that, its summary judgment order, this court noted that the 2014 Labor Management Agreement ("LMA") set reasonable attorney's fees at 25 percent of the total amount of damages.  Dkt. No. 116, at PageID.3825.  But the court did not definitively resolve whether the cap applied; to the contrary, it directed the Board to submit a motion for attorney's fees to the Magistrate Judge.  *Id.*

Before the Magistrate Judge, the Board argued that the LMA was ambiguous, that the Board had the authority to interpret the ambiguity, and that the Board interpreted the LMA as applying the 25-percent cap only to attorney's fees for delinquent contribution actions and not fees for withdrawal liability actions.

3

Defendants offered the Magistrate Judge only a single response to this argument: that the Board was "judicially estopped from seeking fees and costs about 25% of the total recovery, based on its prior express statements to the Court." Dkt. No. 129, at PageID.4175. The Magistrate Judge found Defendants' argument entirely unconvincing. As the Magistrate Judge observed, "the Board did not brief whether, let alone take the position, the LMA's fees provision applies." Dkt. No. 151, at PageID.4328. The Magistrate Judge separately analyzed the LMA and concluded that no deference to the Board was necessary, because the plain terms of the LMA *did not* apply the 25 percent cap to withdrawal liability actions. *Id.* at PageID.4326-27.

In this appeal of the Findings and Recommendation, Defendants now abandon their judicial estoppel argument, and instead assert a new argument they failed to make to the Magistrate Judge: that because ERISA calls for delinquent contribution and withdrawal liability actions to be treated the same for purposes of the statute, a contract such as the LMA must also be interpreted to do the same. Dkt. No. 173, at PageID.4582-86.

Defendants waived this argument by failing to raise it before the Magistrate Judge. *See Olmos v. Ryan*, Civ. No. 11-00344, 2013 WL 3199831, at *8 (D. Ariz. June 24, 2013) ("Generally, a district court need not consider new arguments raised for the first time in objections to a [report and recommendation]"). There is no reason why they

could not have raised this argument then; they simply did not do so. This objection to the Findings and Recommendation is, therefore, overruled.

2. Defendants next object that the Magistrate Judge should not have applied San Francisco market rates to its attorney's fees calculations. Dkt. No. 173, at PageID.4586-90. Their current argument is that the Board's attorney's fees motion did not contain sufficient evidence of a lack of Hawai'i-based counsel experienced in the types of issues presented in this case.

Once again, Defendants waived this objection by failing to raise it before the Magistrate Judge. As the Magistrate Judge noted, Defendants only argument was that "'fee awards must be based on prevailing local rates.'" Dkt. No. 151, at PageID.4333 (quoting Defendants' submission). "Defendants, though, ma[de] no effort to show why the Court should apply Hawaii rates." *Id.*

In this appeal, Defendants abandon their prior argument that local rates *must* be applied, now recognizing that such rates need not apply when there are insufficient local counsel available to handle the work. But because Defendants did not, before the Magistrate Judge, preserve the argument that the Board's evidence of the lack of local counsel was sufficient, it is too late for Defendants to advance that evidentiary argument now. This objection is overruled.

3. Defendants' next argument is that the Magistrate Judge did not adequately scrutinize and explain the reasonableness of the hours billed, did not require sufficient

5

documentation of the flat-fee billing arrangement, and did not require sufficient documentation of taxable costs.  Dkt. No. 173, at PageID.4590-96.  These objections are not waived, but they are meritless.  The Magistrate Judge thoroughly examined the billing records and the evidence concerning the flat-fee arrangements, and thoughtfully explained why each was reasonable.  Dkt. No. 151, at PageID.4340-50.  Nor did the Magistrate Judge place undue reliance on Defendants' failure to rebut the Board's evidence, as Defendants suggest, Dkt. No. 173, at PageID.4591; the Magistrate Judge properly held that the Board had met its evidentiary burdens, and Defendants had not offered any evidence or argument in response.  These objections are overruled.

4.  Defendants' final objection is that the Magistrate Judge did not consider whether the fee award is disproportionate to the underlying judgment in the case.  Dkt. No. 173, at PageID.4596.  Defendants suggest that its argument for disproportionality is supported by the fact that the case largely raised "straightforward legal issues."  *Id.*

Defendants' argument is meritless for two reasons.  First, Defendants' characterization of the case is not accurate; the case raised legal issues that were quite complex (as evidenced by the fact that the hearing on the summary judgment motions lasted approximately three hours), and, more importantly, so were the various factual issues that arose under these legal issues.  Second, especially when measured against the true legal and factual complexity of the case, the award here was not disproportionate.  As the Board notes, courts across the country have allowed attorney's

fee awards in ERISA cases that were several multiples of the underlying judgment. Dkt. No. 178, at PageID.4957 (collecting cases). The fee award in this case, by contrast, was barely more than half of the value of the underlying judgment. Under the circumstances, the court concludes that there is no proportionality-related reason to reduce the award of attorney's fees and costs. Defendants' objection is overruled.

5. Having overruled each of Defendants' objections to the Findings and Recommendation concerning attorney's fees and costs, the court ADOPTS the Findings and Recommendation on those matters.

## **CONCLUSION**

For the foregoing reasons, the court ADOPTS the Findings and Recommendation in full and AWARDS the Board the following:

| | | |
|---|---|---|
| (A) | Attorneys' Fees (Hourly) | $366,820.00 |
| (B) | Attorneys' Fees (Flat-Fee) | $20,000.00 |
| (C) | Taxable Costs | $13,683.16 |
| (D) | Non-Taxable Costs | $4,277.79 |
| (E) | Additional Interest (as of 08/14/2025) | $26,890.81 |
| (F) | Additional Liquidated Damages (as of 08/14/2025) | $26,890.81 |

The court FURTHER AWARDS the Board additional accrued interest and liquidated damages up until the date judgment was entered—that is, February 25,

2026—at the daily rate of $310.92 for each (total $621.84).  The court denies the Board's motion in all other respects, as recommended by the Magistrate Judge.

    IT IS SO ORDERED.

    DATED:  February 27, 2026, at Honolulu, Hawaiʻi.



    /s/ Micah W.J. Smith
    _____
    Micah W.J. Smith
    United States District Judge

---

Civil No. 23-00076 MWJS-KJM, *Board of Trustees of the PAMCAH-UA Local 675 Pension Fund v. SMAC Hawaii, Inc.*, et al.; ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATIONS ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES, COSTS, UPDATED INTEREST AND LIQUIDATED DAMAGES