IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| BOARD OF TRUSTEES OF THE PAMCAH-UA LOCAL 675 PENSION FUND, | ) ) ) ) | Civil No. 23-00076 MWJS-KJM |
| | ) | FINDINGS AND |
| Plaintiff, | ) ) | RECOMMENDATION TO: (1) GRANT IN PART AND DENY |
| | ) | IN PART BOARD OF TRUSTEES |
| vs. | ) ) | OF THE PAMCAH-UA LOCAL 675 PENSION FUND'S MOTIONS FOR |
| | ) | ATTORNEY'S FEES AND COSTS; |
| SMAC HAWAII, INC.; R&M AIR CONDITIONING, LLC; MELVIN E. | ) ) | AND (2) DENY DEFENDANT MEGHAN M. MUNG LIM'S |
| MUNG LIM, JR., an individual; | ) | MOTION FOR ATTORNEY'S FEES |
| MARGARET T. MUNG LIM, an | ) | AND COSTS |
| individual; MEGHAN M. MUNG LIM, an individual; and DOES 1–50, | ) ) | |
| | ) | |
| Defendants. | ) ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO: (1) GRANT IN PART
AND DENY IN PART BOARD OF TRUSTEES OF THE PAMCAH-
UA LOCAL 675 PENSION FUND'S MOTIONS FOR ATTORNEY'S
FEES AND COSTS; AND (2) DENY DEFENDANT MEGHAN
M. MUNG LIM'S MOTION FOR ATTORNEY'S FEES AND COSTS

On April 6, 2026, the district court entered judgment in this case.  ECF No.

201.  On May 8, 2026, Plaintiff Board of Trustees of the PAMCAH-UA Local 675

Pension Fund ("Board") filed a Motion for Attorney's Fees and Costs ("Board's

Motion").  ECF No. 204.  That same day, Defendant Meghan M. Mung Lim

("Meghan") filed a Motion for Attorney's Fees and Costs ("Meghan's Motion").

ECF No. 206.  In addition, the parties filed a Joint Statement Regarding Attorneys'

Fees and Costs Post-Trial ("Joint Statement").  ECF No. 205.

On May 15, 2026, the Board filed an Opposition to Meghan's Motion.  ECF

No. 210.  That same day, Defendants SMAC Hawaii, Inc. ("SMAC"), R&M Air

Conditioning, LLC ("R&M"), Melvin E. Mung Lim ("Melvin"), Margaret T.

Mung Lim ("Margaret"), and Meghan (collectively, "Defendants") filed a

Response to the Board's Motion.  ECF No. 211.  On May 22, 2026, the Board filed

a Reply in support of the Board's Motion.  ECF No. 215.  Meghan did not file a

reply in support of Meghan's Motion.

The Court elects to decide these matters without a hearing pursuant to Rules

7.1(c) and 54.2(g) of the Local Rules of Practice for the United States District

Court for the District of Hawaii ("Local Rules").  After carefully considering the

parties' memoranda, applicable law, and record in this case, the Court FINDS

AND RECOMMENDS that the district court GRANT IN PART AND DENY IN

PART the Board's Motion and DENY Meghan's Motion as set forth below.

BACKGROUND

The Court and the parties are familiar with the facts and issues in this case,

which are set forth more fully in the district court's July 18, 2025 Order Denying

Defendants' Motion for Summary Judgment and Granting in Part and Denying in

Part Plaintiff's Motion for Summary Judgment ("07/18/2025 Order") and

February 25, 2026 Post-Trial Findings of Fact and Conclusions of Law

("FOFCOL").  ECF No. 116, 2025 WL 2021750 (D. Haw. July 18, 2025); ECF

No. 189, 2026 WL 523752 (D. Haw. Feb. 25, 2026).  The Court thus recites

pertinent background facts from the 07/18/2025 Order and FOFCOL and only

provides additional relevant details as necessary to decide the Motion.

The Board is the administrator and sponsor for the PAMCAH-UA Local 675

Pension Plan ("Plan"), which is an employee benefit pension plan.  ECF No. 1 at

2 ¶ 6.  The Plan provides benefits for its participants, which include members of

the Plumbers & Fitters UA Local 675, formerly known as Local Union 675 of the

United Association of Journeymen and Apprentices of the Plumbing and

Pipefitting Industry, AFL-CIO ("Union").  *Id.* at 3 ¶ 8.  Contributors to the Plan's

pension fund include employer association members and other employers who

agree to be bound by the terms of the agreement between the association and the

Union.  ECF No. 189 at 4 ¶ 2.

By June 2020, SMAC informed the Board that it had ceased operations and

was terminating its status as a signatory contractor to the Union—meaning that it

would no longer contribute to the pension fund.  *Id.* at 21 ¶ 54.  The Board then

notified SMAC that because the pension fund was underfunded, SMAC owed

withdrawal liability of $610,255 to cover its share of the fund's vested benefits.  *Id.*

at 23 ¶ 60.

3

In February 2023, the Board initiated this lawsuit to collect the withdrawal liability from Defendants.  ECF No. 1.

Pursuant to the 07/18/2025 Order, the district court granted partial summary judgment in favor of the Board.  ECF No. 116.  The district court found that the Board is entitled to unpaid withdrawal liability.  *Id.* at 16, 48.  The district court awarded the Board "$610,255.00 in unpaid principal withdrawal liability, $123,792,95 in interest, and another $123,792.95 in liquidated damages, for total sum of $857,810.90."[1]  *Id.* at 50.  In addition, the district court directed the Board to file a motion for attorneys' fees and costs.  *Id.*

On August 14, 2025, the Board filed its first motion for attorneys' fees.  ECF No. 118.  On October 28, 2025, this Court issued a findings and recommendation to grant in part and deny in part this first motion for attorneys' fees ("10/28/2025 F&R").  ECF No. 151, 2025 WL 3554290 (D. Haw. Oct. 28, 2025).  On February 27, 2026, the district court issued an order adopting the 10/28/2025 F&R ("02/27/2026 Order").  ECF No. 191, 2026 WL 563423 (D. Haw. Feb. 27, 2026).

In November 2025, the district court conducted a four-day, non-jury trial on the remaining issues:  (1) whether R&M's corporate veil may be pierced as to Meghan; and (2) whether the Board "should be able to recover without regard to

---

[1]  The Final Judgement reflects an updated award of interest and liquidated damages.  ECF No. 201.

the transfer of a 98 percent interest in a Kapolei townhouse [("Kapolei Property")]

from Melvin and Margaret to Meghan."  ECF No. 189 at 2.  On February 25, 2026,

the district court issued its FOFCOL.  ECF No. 189.  Therein, the district court

declined "to pierce R&M's corporate veil, but conclude[d] that a principal purpose

of the Kapolei Property transfer was to evade or avoid withdrawal liability."  *Id.* at

67–68.

On April 6, 2026, the district court issued a Final Judgment.  ECF No. 201.

Therein, pursuant to the 07/18/2025 Order, FOFCOL, and 02/27/2026 Order, the

district court entered judgment as follows:  (1) in favor of the Board and against

Defendants (except Meghan), jointly and severally, for withdrawal liability under

the Employee Retirement Income Security Act of 1974 and the Multiemployer

Pension Plan Amendments Act; (2) "in favor of Defendants on Count V of the

First Amended Complaint ('FAC'), only as to their joint and several liability for

amounts owed by [R&M] premised on the pierce the corporate veil theory of

liability"; and (3) in favor of the Board and against Melvin, Margaret, and Meghan

as to Count VII of the FAC, with the district court finding that "the transfer of the

Kapolei property . . . shall be disregarded for purposes of collecting withdrawal

liability owed to" the Board.  *Id.*

The Board and Meghan seek an award of attorneys' fees and costs based on

the Final Judgment.

DISCUSSION

I.      Meghan's Motion

Meghan seeks an award of fees under 29 U.S.C. § 1132(g)(1).  Section

1132(g) provides:

> (1)     In any action under this subchapter *(other than an action
> described in paragraph (2))* by a participant, beneficiary, or fiduciary,
> the court in its discretion may allow a reasonable attorney's fee and
> costs of action to either party.

> (2)     In any action under this subchapter by a fiduciary for or
> on behalf of a plan to enforce section 1145 of this title in which a
> judgment in favor of the plan is awarded, the court shall award the
> plan--

> . . .

> (D)     reasonable attorney's fees and costs of the action,
> to be paid by the defendant . . . .

29 U.S.C. § 1132(g)(1), (2)(D) (emphasis added).  Section 1145 requires

employers to make contributions to a multiemployer plan in accordance with the

terms and conditions of the respective plan or agreement.  *Id.* § 1145.

The Board argues that § 1132(g)(1) does not apply.  The Court agrees.

As the district court noted in the 07/18/2025 Order, the Employee

Retirement Income Security Act of 1974 ("ERISA") "provides that '[i]n any action

under this section to compel an employer to pay withdrawal liability, any failure of

the employer to make any withdrawal liability payment within the time prescribed

shall be treated in the same manner as a delinquent contribution. . . .'"  ECF No.

116 at 47 (quoting 29 U.S.C. § 1451(b)).  Stated differently and specifically for purposes of a motion for attorneys' fees and costs under § 1132(g), an action to compel withdrawal liability must be treated the same as an action to enforce payment for contributions under § 1145.  Thus, a fiduciary that obtains a judgment for or on behalf of a plan to compel withdrawal liability is entitled to an award of reasonable attorneys' fees and costs pursuant to § 1132(g)(2).

The Board brought this action to collect withdrawal liability from Defendants pursuant to ERISA.  Defendants do not specifically dispute this.  In the 07/18/2025 Order, the district court found that the Board is entitled to an award of attorneys' fees and costs pursuant to § 1132(g)(2)(D).  *Id.* at 49–50.

Based on the foregoing, the Court finds that this action is one "by a fiduciary for or on behalf of a plan to enforce section 1145" as described in § 1132(g)(2).  29 U.S.C. § 1132(g)(2).  Given that the plain language of § 1132(g)(1) expressly excludes "an action described in paragraph (2)," the Court finds that § 1132(g)(1) does not apply.  The Court thus finds and recommends that the district court deny Meghan's Motion.

II.     The Board's Motion

According to the Joint Statement, the parties "agree the Board is a prevailing party on the ERISA . . . claim, that judgment was issued in its favor on this issue, and the Board is entitled to recover reasonable attorney's fees and costs because

judgment was entered in its favor." ECF No. 205 at 2. For the same reasons set forth above, in the 10/28/2025 F&R, and in the 02/27/2026 Order, the Court finds that the Board is entitled to an award of reasonable attorneys' fees and costs pursuant to § 1132(g)(2)(D).

### A.   Attorneys' Fees

Defendants do not dispute that the Board is entitled fees incurred with respect to Count VII, the claim that concerned transfer of the Kapolei Property. ECF No. 211 at 2. Defendants only dispute whether the Board is entitled to attorneys' fees incurred with respect to Count V, the claim to pierce R&M's corporate veil. ECF No. 205 at 2–3; ECF No. 211 at 2. This argument goes to the reasonableness of the fee award, and the Court addresses it below accordingly.

The Board has been represented by two law firms, Trucker Huss, APC ("TH"), and Yee & Kawashima LLLP ("Y&K") during the relevant period.[2] The Board's request includes fees that were billed on an hourly basis, as well as some that were billed on a flat-fee basis. *See, e.g.*, ECF No. 204 at 19.

---

[2] On June 4, 2026, after briefing on the Board's and Meghan's Motions had been submitted, a third law firm, Miller Shea, entered an appearance on behalf of the Board. ECF No. 217. The Board does not request any fees incurred through Miller Shea.

1.     Lodestar Calculation for Tasks Billed on an Hourly Basis

Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "Under the lodestar method, the district court multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir. 2013) (citations and internal quotation marks omitted).

a.     Reasonable Hourly Rate

In determining the reasonableness of an hourly rate, courts consider the experience, skill, and reputation of the attorney requesting the fee. *See Webb v. Ada Cnty.*, 285 F.3d 829, 840 (9th Cir. 2002) (citation omitted). "Generally, the reasonable hourly rate should reflect the prevailing market rates in the forum district." *Masuda-Cleveland v. Life Ins. Co. of N. Am.*, CIVIL NO. 16-00057 LEK-WRP, 2021 WL 1250318, at *3 (D. Haw. Mar. 19, 2021) (citing *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008)), *adopted as modified by* 2021 WL 3683911 (D. Haw. Aug. 19, 2021). Where local counsel was unavailable, however, rates outside the forum district may be applied. *See Gates v. Deukmejian*, 987 F.2d 1392, 1405–06 (9th Cir. 1992) (holding that the district court did not abuse its discretion in awarding fees at San Francisco rates based on its finding that Sacramento attorneys with adequate expertise were unavailable);

*Masuda-Cleveland*, 2021 WL 1250318, at *4 (finding that the plaintiff sufficiently established that the court should look to California rates instead of Hawaii rates because of California counsel's "specialized knowledge in this type of ERISA litigation and the unavailability of local counsel with similar expertise").  "District courts may also use their 'own knowledge of customary rates and their experience concerning reasonable and proper fees.'"  *Sam K. ex rel. Diane C. v. Haw. Dep't of Educ.*, 788 F.3d 1033, 1041 (9th Cir. 2015) (citing *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)).

"It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate."  *Roberts v. City of Honolulu*, 938 F.3d 1020, 1024 (9th Cir. 2019) (other citation omitted) (citing *Hensley*, 461 U.S. at 433).  In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable.  *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987) (citation omitted); *see also Camacho*, 523 F.3d at 980 ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." (citation omitted)).  "The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the

district court challenging the accuracy and reasonableness of the . . . facts asserted by the prevailing party in its submitted affidavits." *Camacho*, 523 F.3d at 980 (quoting *Gates*, 987 F.2d at 1397–98).

For the tasks billed on an hourly basis, the Board requests the following hourly rates:

| TH | | |
|---|---|---|
| | **2025** | **2026** |
| Clarissa A. Kang, Esq. | $650 | $675 |
| Catherine L. Reagan, Esq. | $500 | $550 |
| Kim Ong, Esq. | $350 | $400 |
| Lorraine Wong, Esq. | | $375 |
| Jenna McHenry (paralegal) | | $375 |

| Y&K | |
|---|---|
| Jared N. Kawashima, Esq. | $275 |
| Naomi I. Gould, Esq. | $225 |
| Michele Sauer (paralegal) | $105 |

ECF No. 204 at 19.

Defendants do not oppose the requested hourly rates. ECF No. 205 at 3. The Court nevertheless has an independent duty to assess the reasonableness of the requested rates. *Pain v. Inv. & Admin. Comm. of The Walt Disney Co. Sponsored Qualified Benefit Plans & Key Emps. Deferred Comp. & Ret. Plan*, Case No. CV 20-8610-VAP (KSx), 2022 WL 1584495, at *6 (C.D. Cal. Mar. 30, 2022) (citing *Gates*, 987 F.2d at 1400).

11

ii.     Ms. Kang and Ms. Reagan

The Board requests hourly rates of $650 and $675 for Ms. Kang, and $500 and $550 for Ms. Reagan, for work performed in 2025 and 2026, respectively. ECF No. 204 at 19.  For the same reasons set forth in the 10/28/2025 F&R, and given Defendants' lack of opposition, the Court finds that the requested hourly rates for Ms. Kang and Ms. Reagan are reasonable.  The Court thus recommends that the district court award hourly rates of $650 and $675 for Ms. Kang, and $500 and $550 for Ms. Reagan, for work performed in 2025 and 2026, respectively.

iii.     Ms. Ong

The Board requests hourly rates of $350 and $400 for work Ms. Ong performed in 2025 and 2026, respectively.  *Id.*  The Court notes that, unlike Ms. Reagan, Ms. Ong was not granted pro hac vice status for this case.  Thus, the Court must first address whether the Board can recover fees for Ms. Ong.

The Ninth Circuit has stated:

> [A]ttorneys who have not applied to appear pro hac vice may recover fees in two circumstances:  (1) if the attorney at issue "would have certainly been permitted to appear pro hac vice as a matter of course had he or she applied"; or (2) if the work of the attorney "did not rise to the level of 'appearing' before the district court."

*Hanrahan v. Statewide Collection, Inc.*, No. 21-16187, 2022 WL 3998565, at *1 (9th Cir. Sept. 1, 2022) (quoting *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 822–23 (9th Cir. 2009)).  "An attorney who does not physically appear

12

in court, sign pleadings, or serve as the exclusive contact with the client or opposing counsel has not appeared." *Waite v. Clark Cnty. Collection Serv., LLC*, 606 Fed. App'x 864, 866 (9th Cir. Mar. 26, 2015) (citing *Winterrowd*, 556 F.3d at 825).

Here, Ms. Ong did not physically appear in court or sign pleadings. In addition, based on Ms. Ong's time entries and the Court's familiarity with the case, Ms. Ong did not serve as the exclusive contact with the Board or opposing counsel. According to Ms. Kang, Ms. Ong's work on this case during the relevant period was limited to trial preparation and research and writing for pre- and post-trial motions. ECF No. 204-31 at 10 ¶ 23. The Court thus finds that the Board can recover fees for Ms. Ong even though she did not apply to appear pro hac vice.

Ms. Ong is an associate at TH and "works on a broad spectrum of ERISA and employee benefit litigation cases . . . ." *Id.* at 5 ¶ 6. Ms. Ong graduated law school in 2024. *Id.* at 6 ¶ 6.

Based on Ms. Ong's experience, and given the lack of opposition from Defendants, the Court finds that the requested hourly rates are reasonable. *See Garretson v. Resol. Grp., Inc. v. Bolla*, Case No. 25-cv-02836-AMO, 2026 WL 1531739, at *3 (N.D. Cal. June 1, 2026) (finding that an hourly rate of $495 for a junior associate is reasonable). The Court thus recommends that the district court

award hourly rates of $350 and $400 for work Ms. Ong performed in 2025 and 2026, respectively.

### iv.    Ms. Wong

The Board requests an hourly rate of $375 for work Ms. Wong performed in 2026.  ECF No. 204 at 19.  The Court first addresses whether the Board can recover fees for Ms. Wong's work because she did not apply to appear pro hac vice.  Based on Ms. Wong's time entries, the Court finds that the work Ms. Wong performed in this case did not rise to the level of "appearing" before the district court.  The Court thus finds that the Board can recover attorneys' fees associated with work performed by Ms. Ong.  *Hanrahan*, 2022 WL 3998565, at *1.

Ms. Wong is an associate at TH and "concentrates her practice in the area of employee benefits, with a focus on retirement and health and welfare plans."  ECF No. 204-31 at 6 ¶ 8.  Ms. Wong graduated law school in 2025.  *Id.*

Based on Ms. Wong's experience, and given the lack of opposition from Defendants, the Court finds that the requested hourly rate is reasonable.  *See Garretson*, 2026 WL 1531739, at *3.  The Court thus recommends that the district court award an hourly rate of $375 for work Ms. Wong performed in 2026.

### v.    Ms. McHenry

The Board requests an hourly rate of $375 for paralegal work Ms. McHenry performed in 2026.  ECF No. 204 at 19.  This is the same hourly rate that the

14

Board requested in its first motion for attorneys' fees for paralegal work Ms. McHenry performed in 2024.  ECF No. 118 at 20.

In the 10/28/2025 F&R, the Court found that the Board failed to justify the requested hourly rate because the motion did not "contain substantial information regarding the nature or extent of Ms. McHenry's paralegal experience."  ECF No. 151 at 17.  The Court thus recommended that the district court award reduced hourly rates of $175 and $200 for work Ms. McHenry performed in 2024 and 2025, respectively.  *Id.*  The Board did not object to this recommendation, and the district court subsequently adopted it in the 02/27/2026 Order.  ECF No. 191.

In support of the Board's Motion, Ms. Kang indicates that Ms. McHenry has been working at TH "for three years (the first year as a consultant)."  ECF No. 204-31 at 7 ¶ 9.  Ms. Kang also states that before working at TH, "Ms. McHenry was on a team that administered a large multiemployer pension plan for nine years."  *Id.*  Although this is additional, different information regarding Ms. McHenry's background, it does not establish that Ms. McHenry has the years of *paralegal* experience that would justify a $375 hourly rate.  According to Ms. Kang's vague statements, it appears that Ms. McHenry has only approximately two years of experience as a paralegal.

Based on the foregoing, and for the same reasons stated in the 10/28/2025 F&R, the Court finds that the Board fails to establish that $375 is a reasonable

15

hourly rate for Ms. McHenry.  Taking into consideration the $200 hourly rate previously awarded to Ms. McHenry for work she performed on this case in 2025 and that TH appears to increase its rates each year, the Court recommends that the district court award Ms. McHenry a reduced hourly rate of $225.

### vi.    Mr. Kawashima & Ms. Gould

The Board requests hourly rates of $275 for Mr. Kawashima and $225 for Ms. Gould.  ECF No. 204 at 19.  The Court previously found these rates to be reasonable in the 10/28/2025 F&R.  ECF No. 151 at 18–19.  For the same reasons set forth in the 10/28/2025 F&R, and given the lack of opposition from Defendants, the Court again finds that these rates are reasonable.  The Court thus recommends that the district court award hourly rates of $275 for Mr. Kawashima and $225 for Ms. Gould.

### vii.    Ms. Sauer

The Board requests an hourly rate of $105 for Ms. Sauer.  ECF No. 204 at 19.  The Court has carefully reviewed Ms. Sauer's time entries.  The Court finds—as it did in the 10/28/2025 F&R—that all of Ms. Sauer's requested hours were spent on non-compensable clerical tasks.  "[C]lerical or ministerial costs are part of an attorney's overhead and are reflected in the charged hourly rate."  *Phila. Indem. Ins. Co. v. Ohana Control Sys., Inc.*, CIV. NO. 17-00435 SOM-RT, 2020 WL 7134090, at *6 (D. Haw. Sept. 30, 2020) (citation omitted) (brackets in original),

*adopted by* 2020 WL 6161458 (D. Haw. Oct. 21, 2020). Clerical tasks include reviewing court-generated notices, communicating with court staff, preparing and submitting copies of filings to the court, and downloading filings. *Crawford v. Japan Airlines*, Civil No. 03-00451 LEK-KSC, 2014 WL 1326576, at *4 (D. Haw. Jan. 22, 2014) (citations omitted), *adopted by* 2014 WL 1326580 (D. Haw. Mar. 28, 2014), *opinion modified on denial of reconsideration,* No. CV 03-00451 LEK-KSC, 2015 WL 14091981 (D. Haw. Mar. 30, 2015).

According to her time entries, the tasks Ms. Sauer performed fall under the foregoing categories of clerical tasks. *See* ECF No. 204-30 at 2 (time entries for "PL"). The Court thus finds that the Board is not entitled to recover paralegal fees for Ms. Sauer, and the Court need not make a finding as to a reasonable hourly rate for her.

### b.      Number of Hours Reasonably Expended

The fee applicant bears the burden of documenting the hours expended and must submit evidence in support of the hours worked. *Gates*, 987 F.2d at 1397 (citing *Hensley*, 461 U.S. at 433, 437). The Board therefore bears the burden of proving that the fees requested are associated with the relief requested and are reasonably necessary to achieve the results obtained. *See Tirona v. State Farm. Mut. Auto. Ins. Co.*, 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted). "Counsel should exclude from a request time spent that was 'excessive, redundant,

or otherwise unnecessary.'" *Liberty Mut. Ins. Co. v. Sumo-Nan LLC*, CIVIL NO.

14-00520 DKW-KSC, 2017 WL 810277, at *11 (D. Haw. Mar. 1, 2017) (quoting

*Gonzalez*, 729 F.3d at 1203). The party opposing the fee application has a "burden

of rebuttal that requires submission of evidence challenging the accuracy and

reasonableness of the hours charged or the facts asserted by the fee applicant in its

affidavits." *Seven Signatures Gen. P'ship v. Irongate Azrep BW LLC*, 871 F. Supp.

2d 1040, 1055 (D. Haw. 2012) (citing *Gates*, 987 F.2d at 1397–98). A conclusory

opposition of mere disagreement will not suffice.

The Court has its own "independent duty to review the submitted itemized

log of hours to determine the reasonableness of hours requested in each case."

*Irwin v. Astrue*, No. 3:10-CV-545-HZ, 2012 WL 707090, at *1 (D. Or. Mar. 5,

2012) (citing *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001)). "In doing

so, the Court is obliged to explain how it determined a reasonable fee award, but it

need not set forth an hour by hour analysis of the fee request." *Liberty Mut. Ins.*,

2017 WL 810277, at *11 (citing *Gates*, 987 F.2d at 1398–99). "Where the

difference between the lawyer's request and the court's award is relatively small, a

somewhat cursory explanation will suffice. But where the disparity is larger, a

more specific articulation of the court's reasoning is expected." *Id.* (quoting

*Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)).

18

The Board billed hourly tasks for post-trial work performed from November 2025 through April 2026.[3]  ECF No. 204 at 20; ECF No. 215 at 5.  The Board requests the following hours:

| Timekeeper | Hours Requested |
| --- | --- |
| Clarissa A. Kang, Esq. | 37.3 |
| Catherine L. Reagan, Esq. | 186 |
| Kim Ong, Esq. | 103.3 |
| Lorraine Wong, Esq. | 38.5[4] |
| Jenna McHenry (paralegal) | 0.4 |
| Jared N. Kawashima, Esq. | 3.0 |
| Naomi I. Gould, Esq. | 1.3 |

ECF No. 204 at 26–27.  The Board also requests an additional 67.4 hours for tasks related to opposing Meghan's Motion and drafting the Board's Reply.  ECF No. 215 at 5; ECF No. 215-1 at 3 ¶ 6.

---

[3]  In the Motion, the Board separates its request for hourly-billed tasks into two categories:  (1) tasks performed from November 2025 (excluding trial) through February 2026; and (2) tasks related to the Board's Motion.  *See* ECF No. 204 at 20, 26.  In reviewing the relevant time descriptions for the second category, however, the Court finds that the tasks also related to other matters, such as Defendants' objection to the 10/28/2025 F&R (ECF No. 173) and the Board's initial Bill of Costs (ECF No. 192).  The Court thus does not distinguish between the two categories in its analysis and refers only to the relevant period in which the work was performed.

[4]  In her declaration, Ms. Kang states that Ms. Wong's time descriptions are denoted by her initials, "LW."  ECF No. 204-31 at 11 ¶ 24.  "LW" appears in the time descriptions for November 2025 through February 2026 in Exhibit 3.  ECF No. 204-3.  Although "LW" does not appear in the time descriptions for March through April 2026 in Exhibit 28, there is an "LR" timekeeper.  ECF No. 204-28.  The Court added up the hours for LW in Exhibit 3 and LR in Exhibit 28.  Because the total hours match the hours requested for Ms. Wong in the Motion, the Court assumes that counsel's use of "LR" in Exhibit 28 was inadvertent.

Defendants do not oppose any of the specific hours requested by the Board. The Court nevertheless has an independent duty to review the submitted timesheets to determine reasonableness. *Irwin*, 2012 WL 707090, at *1.

The only issue, in this Court's view, concerns the additional 67.4 hours related to opposing Meghan's Motion and drafting the Board's Reply. The Court finds that the Board's request for these hours fails to comply with the Local Rules.

Local Rule 54.2(f) requires counsel to "submit a chart describing the services rendered in chronological order." LR54.2(f)(2). Local Rule 54.2(f) also provides: "The party seeking an award of fees must describe adequately the services rendered, so that the reasonableness of the requested fees can be evaluated." LR54.2(f)(3). "If the time descriptions are incomplete, or if such descriptions fail to describe adequately the services rendered, the court may reduce the reward accordingly." *Id.*

In her declaration in support of the Reply, Ms. Kang states that the additional "are reasonable and were necessarily incurred." ECF No. 215-1 at 3 ¶ 4. The Reply, however, does not include time descriptions for any of the services rendered. The Board's request for 67.4 hours would result in an additional $36,885 in attorneys' fees, which is a significant amount. ECF No. 215 at 5. Without the time descriptions associated with these hours, the Court is unable to evaluate the reasonableness of the Board's request.

20

Given that the Board has failed to comply with the Local Rules before in this case, ECF No. 193 at 3, the Court recommends that the district court exercise its discretion to deny the attorneys' fees requested in the Reply pursuant to Local Rule 54.2(f)(3).

The Court has carefully reviewed Ms. Kang's declaration, Mr. Kawashima's declaration, and the time entries attached thereto and finds the remaining requested hours to be reasonable.  Based on the declarations and Court's familiarity with the case, the Court also finds that such tasks were associated with the relief requested and "reasonably necessary to achieve the results obtained." *Tiki Shark Art Inc. v. Cafepress Inc.*, CIVIL NO. 13-00577 JMS-RLP, 2014 WL 12613386, at *2 (D. Haw. July 24, 2014) (citing *Tirona*, 821 F. Supp. at 636).  The Court thus recommends that the district court award the hours requested by the Board as stated in the chart on page 19 herein.

\\

\\

\\

\\

\\

\\

\\

\\

21

c.        Total Lodestar Calculation for Tasks Billed Hourly

The following is a summary of this Court's findings as to attorneys' fees

billed on an hourly basis:

| Timekeeper | Year | Rate | Hours | Total Award |
|---|---|---|---|---|
| Clarissa A. Kang, Esq. | 2025 | $650 | 6.8 | $4,420.00 |
| | 2026 | $675 | 30.5 | $20,587.50 |
| Catherine L. Reagan, Esq. | 2025 | $500 | 83.6 | $41,800.00 |
| | 2026 | $550 | 102.4 | $56,320.00 |
| Kim Ong, Esq. | 2025 | $350 | 36.1 | $12,635.00 |
| | 2026 | $400 | 67.2 | $26,880.00 |
| Lorraine Wong, Esq. | 2026 | $375 | 38.5 | $14,437.50 |
| Jenna McHenry (paralegal) | 2026 | $225 | 0.4 | $90.00 |
| Jared N. Kawashima Esq. | 2025 | $275 | 3.0 | $825.00 |
| Naomi I. Gould, Esq. | 2025/2026 | $225 | 1.3 | $292.50 |
| | | **TOTAL** | **369.8** | **$178,287.50** |

The Court finds the above amounts reasonable and declines to adjust this lodestar

amount.  The Court thus recommends that the district court award $178,287.50 for

attorneys' fees billed on an hourly basis.

2.        Lodestar for Tasks Billed on a Flat-Fee Basis

TH charged the Board a flat fee of $50,000 for the four-day bench trial,

including pre-trial work.  ECF No. 204 at 19.  Ms. Kang, Ms. Reagan, Ms. Ong,

and Ms. McHenry performed work for the trial.  ECF No. 204 at 26.  In addition,

another TH associate, Rudy Garcia, Esq., assisted with trial preparation.[5]  ECF No. 204-31 at 6 ¶ 7, 10 ¶ 23.  Defendants do not specifically oppose this request.

According to the Motion, TH expended 866.4 hours preparing for, and representing the Board at, the trial.  ECF No. 204 at 26.  If TH had billed for that work on an hourly basis, the Board would have incurred approximately $437,000 in fees.  *Id.*  Given the substantial work that the parties put into the trial, and the results obtained, the Court easily finds that the requested amount of $50,000 is reasonable.  The Court thus recommends that the district court award $50,000 for attorneys' fees billed on a flat-fee basis.

### 3. Defendants' Arguments in Opposition

Defendants do not dispute that the Board is entitled fees incurred with respect to Count VII, the claim that concerned transfer of the Kapolei property.  ECF No. 211 at 2.  Defendants only dispute whether the Board is entitled to attorneys' fees incurred with respect to Count V, the claim to pierce R&M's corporate veil because the Board did not prevail on this claim at trial.  ECF No. 205 at 2–3; ECF No. 211 at 2.

---

[5]  Based on Mr. Garcia's time entries, the Court finds that the work Mr. Garcia performed in this case did not rise to the level of "appearing" before the district court.  The Court thus finds that the Board can recover attorneys' fees associated with work performed by Mr. Garcia.  *Hanrahan*, 2022 WL 3998565, at *1.

"The lodestar amount is only a 'starting point, . . . and '[t]here remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Nerio Mejia v. O'Malley*, 120 F.4th 1360, 1364 (9th Cir. 2024) (ellipses added) (quoting *Hensley*, 461 U.S. at 433–34). "In particular, a court may consider reducing the lodestar amount when a plaintiff has prevailed 'on only some of his claims for relief' or has achieved only 'limited success.'" *Id.* (quoting *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1172 (9th Cir. 2017) (en banc)).

In *Ibrahim*, the Ninth Circuit summarized the Supreme Court's "two-pronged approach for determining the amount of fees to be awarded when a plaintiff prevails only on some of his claims for relief:

> First, we ask, "did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? *Hensley*, 461 U.S. at 434, 103 S. Ct. 1933. This inquiry rests on whether the "related claims involve a common core of facts *or* are based on related legal theories," *Webb v. Sloan*, 330 F.3d 1158, 1168 (9th Cir. 2003) (citing *Hensley*, 461 U.S. at 435, 103 S. Ct. 1933), with 'the *focus* . . . on whether the claims arose out of a common course of conduct,' *id.* at 1169 (emphasis added) [(citation omitted)]. Second, we ask whether "the plaintiff achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?" *Hensley*, 461 U.S. at 434, 103 S. Ct. 1933. If the court concludes the prevailing party achieved "excellent results," it may permit a full-fee award—that is, the entirety of those hours reasonably expended on both the prevailing and unsuccessful but related claims. *Id.* at 435, 103 S. Ct. 1933 . . . .

*Ibrahim*, 912 F.3d at 1772.

Regarding the first prong, the Board contends that Count V and Count VII were based on "related legal theories advanced to obtain relief against Meghan for the same withdrawal liability." ECF No. 215 at 7. The Board asserts: "Under both theories, the Board's position was that assets that should have remained available to satisfy collection were instead being moved to Meghan—under Count V through the formation and operations of R&M, and under Count VII through Melvin's and Margaret's transfer of the Kapolei Property to Meghan." *Id.* The Court agrees with the Board and finds that Count V and Count VII were based on related legal theories.

Regarding the second prong, the Court finds that the Board achieved a level of success that makes the hours reasonably expended a satisfactory basis for granting a full-fee award. Other than Count V, the Board prevailed on all claims in its First Amended Complaint. ECF No. 201. In addition, in seeking relief against Meghan, the Board succeeded in avoiding the transfer of the Kapolei Property, which the district court stated was likely worth hundreds of thousands of dollars as of 2021. ECF No. 189 at 59 ¶ 72. The Kapolei Property will likely be a significant asset to the Board for purposes of collecting on the Final Judgment. The Court thus finds that the Board achieved excellent results in this case and is entitled to a fee award that is not subject to reduction, despite not prevailing on Count V.

Defendants assert that the Court should apportion 20% of the requested fees to Count VII and 80% to Count V.  ECF No. 211 at 2.  Defendants base this assertion "on the amount of time attributed to each witness as to each count and the ratio of admitted exhibits between counts V and VII."  *Id.*  Defendants thus argue that the Court should award only 20% of the Board's total requested fees.  *Id.*  To state Defendants' argument differently, because the Board only prevailed on Count VII at trial, a fee award to the Board would only be reasonable if it excludes fees related to Count V, the claim on which the Board did not prevail.

Although Defendants cite to the Supreme Court's two-prong approach in their opposition to the Board's Motion, they do not apply it to the circumstances of this case.  ECF No. 211 at 2–4.  Nor do Defendants explain how they arrived at their 20-80 apportionment.  Rather, it seems, as the Board contends, that Defendants' proposed reduction is "an arbitrary estimate, not grounded in an analysis of the hours requested as required under the lodestar analysis."  ECF No. 215 at 3 (citations omitted).

Defendants had an opportunity to scrutinize the Board's time descriptions to establish a fact-based apportionment of time spent on Count V versus Count VII. They did not do so.  The Court thus finds that Defendants fail to satisfy their burden of rebuttal as to the reasonableness of the Board's requested fees.

26

B.    Costs

Section 1132(g)(2)(D) provides for the recovery of "reasonable attorney's

fees and costs."  29 U.S.C. § 1132(g)(2)(D).  The Board requests $12,404.25 in

taxable costs.  ECF No. 204 at 24.  The Board also requests $20,613.75 in non-

taxable costs.  *Id.* at 23.  Defendants do not oppose any specific item in the Board's

requests for costs and non-taxable costs.[6]  The Court addresses each request in turn

below.

1.    Taxable Costs

The Board requests an award of $12,404.25 for printing, copying, and

transcript costs, which are typically considered taxable costs under § 1132(g)(2).

*SMAC Haw.*, 2025 WL 3554290, at *11 (citation omitted).  Defendants do not

oppose this request.  The Court finds that the requested taxable costs are

reasonable. The Court thus recommends that the district court award $12,404.25 in

taxable costs.

---

[6]  In their opposition to the Board's Motion, Defendants' arguments regarding apportionment focus solely on attorneys' fees.  In the conclusion sentence, though, Defendants assert that any apportionment should also apply to the Board's requests for costs.  ECF No. 211 at 4.  For the same reasons set forth above, the Court finds that the Board is entitled to an award of costs not subject to reduction, despite not prevailing on Count V.

2.    Non-Taxable Costs

"The Ninth Circuit has concluded that a court can award reasonable litigation out-of-pocket expenses . . . that would normally be charged to a fee paying client, as part of 'reasonable attorney fees' under ERISA section 502(g)(2)(D), 29 U.S.C. § 1132(g)(2)(D)."  *Oster v. Standard Ins. Co.*, 768 F. Supp. 2d 1026, 1037 (N.D. Cal. 2011) (citing *Trs. of the Constr. Indus. & Laborers Health & Welfare Tr. v. Redland Ins. Co.*, 460 F.3d 1253, 1259 (9th Cir. 2006)).

a.    Legal Research

The Board requests $4,308.24 for legal research expenses.  ECF No. 204 at 29.  Ms. Kang states that TH billed the Board separately for these expenses.  ECF No. 204-31 at 15–16 ¶¶ 43–50.  "Under ERISA, a plaintiff may recover as 'attorney's fees' expenses that are customarily billed separately, including expenses for computer-based research."  *Fontana v. Guardian Life Ins.*, No. C 08-01231 CRB, 2009 WL 585811, at *1 (N.D. Cal. Mar. 4, 2009) (citing *Redland Ins.*, 460 F.2d at 1258–59).  Stated differently, "reasonable charges for computerized research may be recovered . . . if separate billing for such expenses is 'the prevailing practice in the local community.'"  *Redland Ins.*, 460 F.3d at 1259 (quoting *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 287 n.9 (1989)).

The Court finds that the requested legal research expenses are reasonable.  In addition, although Ms. Kang's declaration does not address whether billing clients

28

separately for legal research fees is the prevailing practice in the Bay Area, courts

in the Northern District of California have granted requests for legal research fees

under § 1132(g)(2).  *See, e.g.*, *Barnes v. AT&T Pension Benefit Plan-*

*Nonbargained Program*, 963 F. Supp. 2d 950, 972–73 (N.D. Cal. 2013); *Operating*

*Eng'rs Health & Welfare Tr. Fund for N. Cal. v. Empire Eng'g & Constr., Inc.*,

Case No. 22-cv-03609-JSC, 2023 WL 4035619, at *9 (N.D. Cal. Apr. 27, 2023),

*adopted by* 2023 WL 4670299 (N.D. Cal. July 19, 2023).  The Court thus

recommends that the district court award the Board $4,308.24 for legal research

expenses.

   b.  Other Expenses

 The Board seeks other expenses for postage fees ($12), courtesy copy fees

($147.17),[7] courier/messenger fees ($254.71), public record service fees ($17),

investigatory services ($5,000), office supplies for trial ($24.07), Dropbox

subscription fees ($47.96), and travel expenses ($10,802.60).  ECF No. 204 at

29–31.  The Board does not cite any caselaw or other legal authority that indicates

---

[7] According to Appendix C to the Board's Motion, the "court courtesy copy fees" were incurred through Y&K.  ECF No. 204 at 29.  The cost descriptions for these expenses are vague, though some appear to be for printing or copying.  Mr. Kawashima's declaration does not provide any information regarding these expenses.  ECF No. 204-29.  As set forth above, printing and copying expenses are typically recoverable as taxable costs.  Given the lack of information and the Board's own categorization of these expenses as non-taxable costs, however, the Court must analyze these expenses as non-taxable costs.

these expenses are recoverable under § 1132(g)(2).  ECF No. 204 at 23.  In

addition, although Ms. Kang states that the Board was actually billed for these

expenses, the Board fails to establish that it is the prevailing practice of the

community to bill for these expenses separately.  *Redland Ins.*, 460 F.3d at 1259.

The Court thus recommends that the district court deny the Board's request for

these other expenses.

## CONCLUSION

Based on the foregoing, the Court FINDS AND RECOMMENDS that the

district court GRANT IN PART AND DENY IN PART the Board's Motion for

Attorney's Fees and Costs (ECF No. 204).  The Court recommends that the district

court grant the Board's request for attorneys' fees, taxable costs, and non-taxable

costs as follows:

| | | |
|---|---|---|
| (A) | Attorneys' Fees (Hourly) | $178,287.50 |
| (B) | Attorneys' Fees (Flat-Fee) | $50,000.00 |
| (C) | Taxable Costs | $12,404.25 |
| (D) | Non-Taxable Costs | $4,308.24 |
| | **TOTAL** | **$244,999.99** |

The Court recommends that the district court deny the Motion in all other respects.

In addition, the Court FINDS AND RECOMMENDS that the district court DENY

Meghan's Motion for Attorney's Fees and Costs (ECF No. 206).

30

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, June 30, 2026.



Kenneth J. Mansfield
United States Magistrate Judge

*Bd. of Trs. of the PAMCAH-UA Local 675 Pension Fund v. SMAC Haw., Inc., et al.*, Civil No. 23-00076 MWJS-KJM; Findings and Recommendation to: (1) Grant in Part and Deny in Part Board of Trustees of the PAMCAH-UA Local 675 Pension Fund's Motions for Attorney's Fees and Costs; and (2) Deny Defendant Meghan M. Mung Lim's Motion for Attorney's Fees and Costs

31